STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY
(618) 692-6240
WWW.CO.MADISON.IL.US

ANDREW FREY,

      PLAINTIFF

VS.

                        Case No. 2020L 000411

ALAN REID BUFFINGTON,
J&L TRUCKING,
LNJ FARMS, and
LNJ FARMS TRUCKING,

      DEFENDANTS

**DEFENDANT: <u>J&L Trucking</u>, 1577 230th Street, Batavia, IA  52533**

    You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Madison County Circuit Clerk, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in the complaint.

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

    This summons may not be served later than 30 days after its date.

                       3/26/2020



                      /s/ Mark Von Nida    /s/ Angela Bentlage
                      Clerk of the Circuit Court

---

(Plaintiff's attorney or plaintiff if he is not represented by an attorney)
G. Michael Stewart
Simmons Hanly Conroy
Attorneys for Plaintiff
One Court Street, Alton, IL  62002
(618) 259-2222

EqCode:396777

***EFILED***
Case Number 2020L 000411
Date: 3/24/2020 3:25 PM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

**IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS**

ANDREW FREY,                                          )
                                                      )
                          Plaintiff,                  )
                                                      )
vs.                                                   )        2020L 000411
                                                      )   No.:_____
ALAN REID BUFFINGTON,                                 )
Serve: 2384 120th Street, Winfield, Iowa 52659        )
                                                      )
                                                      )
J&L TRUCKING,                                         )
Serve: 1577 230th Street, Batavia, Iowa, 52533        )
                                                      )
                                                      )
LNJ FARMS,                                            )
Serve: 1577 230th Street, Batavia, Iowa, 52533        )
                                                      )
                                                      )
LNJ FARMS TRUCKING, LLC,                              )
Serve: 1577 230th Street, Batavia, Iowa, 52533        )
                                                      )
                          Defendants.                 )

## COMPLAINT

### COUNT I
### NEGLIGENCE AGAINST ALAN REID BUFFINGTON

Comes now the Plaintiff ANDREW FREY by and through his attorneys, G. Michael Stewart of SIMMONS HANLY CONROY LLC, and for his Complaint against Defendant ALAN REID BUFFINGTON states as follows:

1.    Plaintiff Andrew Frey (hereinafter "Andrew") is a resident of Godfrey, Madison County, Illinois.

2.    Defendant Alan Reid Buffington (hereinafter "Buffington") is a resident of

Winfield, Iowa.

3.    Defendant J&L Trucking (hereinafter "J&L") is a business located at 1577 230th Street, Batavia, Iowa.

4.    LNJ Farms is a business located at 1577 230th Street, Batavia, Iowa.

5.    LNJ Farms Trucking, LLC (hereinafter "LNJ") is a business located at 1577 230th Street, Batavia, Iowa.

6.    J&L owned the 2006 International Truck operated by Buffington on February 14, 2019, in Madison County, Illinois.

7.    LNJ Farms owned the 2006 International Truck operated by Buffington on February 14, 2019, in Madison County, Illinois.

8.    LNJ owned the 2006 International Truck operated by Buffington on February 14, 2019, in Madison County, Illinois.

9.    The jurisdiction of this Court is proper as the accident occurred in Madison County, Illinois, as hereinafter more fully shown.

10.    On February 14, 2019, Andrew was lawfully operating his motor vehicle northbound on Interstate 55, Madison County, Illinois.

11.    At the same time Andrew was operating his vehicle northbound on Interstate 55, Buffington was operating the 2006 International Truck southbound on Interstate 55, Madison County, Illinois.

12.    Defendant Buffington caused the 2006 International Truck to cross the median between the northbound and southbound lanes of Interstate 55, Madison County, Illinois and into the vehicle driven by Andrew.

13.    On February 14, 2019, Buffington owed a duty to Andrew and other persons

lawfully present on the roads on Madison County, Illinois to safely and reasonably operate the motor vehicle he was driving.

14.     Notwithstanding Buffington's duty to Andrew, Buffington negligently operated the 2006 International Truck in that he struck the vehicle Andrew was operating.

15.     Buffington did one or more of the following negligent acts and thereby caused the injuries and damages in this Complaint:

(a.)    Buffington failed to maintain safe and reasonable control of the vehicle he was driving;

(b.)    Buffington failed to keep the vehicle he was operating in its appropriate lane;

(c.)    Buffington failed to keep the vehicle he was operating in the southbound lane, but rather crossed into the northbound lane striking Andrew's vehicle;

(d.)    Buffington failed to yield to the vehicle which Andrew was operating;

(e.)    Buffington failed to keep his vehicle under control;

(f.)    Buffington failed to safely operate his vehicle;

(g.)    Buffington operated a vehicle at an excessive and unreasonable speed;

(h.)    Buffington failed to avoid an accident;

(i.)    Buffington failed to reduce speed to avoid an accident;

(j.)    Buffington failed to take action to avoid an accident;

(k.)    Buffington failed to keep control of his vehicle;

(l.)    Buffington operated his vehicle in the wrong lane of travel.

16.     As a direct and proximate result of one or more of Buffington's foregoing

negligent acts, Andrew was caused to sustain severe and permanently disabling and disfiguring injuries, more specifically:

    (a.)    He suffered injury to his back;

    (b.)    He suffered injury to his vertebrae;

    (c.)    He suffered injury to his spine;

    (d.)    He suffered injury to his muscles, ligaments and tendons;

    (e.)    He suffered bruising and injury to his muscles and skin;

    (f.)    He was required to endure medical procedures, and therapies as a result of the accident;

    (g.)    He is required to undergo further medical procedures, which may include surgery;

    (h.)    He suffered, and continues to suffer, great mental anguish;

    (i.)    He suffered, and continues to suffer, great physical pain;

    (j.)    He was, and continues to remain, unable to care for his own needs;

    (k.)    He lost, and will continue to lose, large sums of money from gainful employment that he would have otherwise accrued except for his injuries;

    (l.)    He has paid for, become liable for, and will continue to become liable for large sums of money for medical care;

all to the damage of Plaintiff Andrew Frey in an amount in excess of fifty thousand dollars ($50,000.00), plus costs herein expended.

    WHEREFORE, Plaintiff Andrew Frey demands judgment against Defendant Alan Reid Buffington in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs herein expended, and such other relief as justice and equity demand.

## COUNT II
## WILLFUL AND WANTON MISCONDUCT AGAINST
## ALAN REID BUFFINGTON

Comes now the Plaintiff ANDREW FREY by and through his attorneys, G. Michael Stewart of SIMMONS HANLY CONROY LLC, and for his Complaint against Defendant Alan Reid Buffington states as follows:

1.      Plaintiff Andrew Frey (hereinafter "Andrew') is a resident of Godfrey, Madison County, Illinois.

2.      Defendant Alan Reid Buffington (hereinafter "Buffington") is a resident of Winfield, Iowa.

3.      Defendant J&L Trucking (hereinafter "J&L") is a business located at 1577 230th Street, Batavia, Iowa.

4.      LNJ Farms is a business located at 1577 230th Street, Batavia, Iowa.

5.      LNJ Farms Trucking, LLC (hereinafter "LNJ") is a business located at 1577 230th Street, Batavia, Iowa.

6.      J&L owned the 2006 International Truck operated by Buffington on February 14, 2019, in Madison County, Illinois.

7.      LNJ Farms owned the 2006 International Truck operated by Buffington on February 14, 2019, in Madison County, Illinois.

8.      LNJ owned the 2006 International Truck operated by Buffington on February 14, 2019, in Madison County, Illinois.

9.      The jurisdiction of this Court is proper as the accident occurred in Madison County, Illinois, as hereinafter more fully shown.

10.    On February 14, 2019, Andrew was lawfully operating his motor vehicle northbound on Interstate 55, Madison County, Illinois.

11.    At the same time Andrew was operating his vehicle northbound on Interstate 55, Buffington was operating the 2006 International Truck southbound on Interstate 55, Madison County, Illinois.

12.    Defendant Buffington caused the 2006 International Truck to cross the median between the northbound and southbound lanes of Interstate 55, Madison County, Illinois and into the vehicle driven by Andrew.

13.    On February 14, 2019, Buffington owed a duty to Andrew and other persons lawfully present on the roads on Madison County, Illinois to safely and reasonably operate the motor vehicle he was driving.

14.    Notwithstanding Buffington's duty to Andrew, Buffington drove his vehicle in a willful and wanton manner in that he drove the 2006 International Truck into the opposite lane of travel and struck the vehicle Andrew was operating.

15.    Buffington did one or more of the following did one or more of the following willful and wanton acts and thereby caused the injuries and damages in this Complaint:

      (a.)    Buffington crossed the median separating the northbound and southbound traffic and into the path of the vehicle lawfully operated by Andrew;

      (b.)    Buffington failed to maintain safe and reasonable control of the vehicle he was driving;

      (c.)    Buffington failed to keep the vehicle he was operating in its appropriate lane.

16.     As a direct and proximate result of one or more of Hartman's foregoing willful and wanton acts, Andrew sustained severe and permanently disabling and disfiguring injuries, more specifically:

(a.)     He suffered injury to his back;

(b.)     He suffered injury to his vertebrae;

(c.)     He suffered injury to his spine;

(d.)     He suffered injury to his muscles, ligaments and tendons;

(e.)     He suffered bruising and injury to his muscles and skin;

(f.)     He was required to endure medical procedures, and therapies as a result of the accident;

(g.)     He is required to undergo further medical procedures which may include surgery;

(h.)     He suffered, and continues to suffer, great mental anguish;

(i.)     He suffered, and continues to suffer, great physical pain;

(j.)     He was, and continues to remain, unable to care for his own needs;

(k.)     He lost, and will continue to lose, large sums of money from gainful employment that he would have otherwise accrued except for his injuries;

(l.)     He has paid for, become liable for, and will continue to become liable for large sums of money for medical care;

all to the damage of Plaintiff Andrew Frey in an amount in excess of fifty thousand dollars ($50,000.00), plus costs herein expended.

WHEREFORE, Plaintiff Andrew Frey demands judgment against Defendant Alan Reid Buffington in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs herein

expended, and such other relief as justice and equity demand.

## COUNT III
## NEGLIGENCE AGAINST J&L TRUCKING

Comes now the Plaintiff ANDREW FREY by and through his attorneys, G. Michael Stewart of SIMMONS HANLY CONROY LLC, and for his Complaint against Defendant J&L TRUCKING states as follows:

1.      On February 14, 2019, Defendant J&L Trucking (hereinafter "J&L") owned the 2006 International Truck (hereinafter "International") driven by Defendant Alan Reid Buffington.

2.      The International was registered to J&L at its place of business in Batavia, Iowa.

3.      The jurisdiction of this Court is proper as the accident occurred in Madison County, Illinois, as hereinafter more fully shown.

4.      That Plaintiff Andrew Frey (hereinafter "Andrew") is a resident of Madison County, Illinois.

5.      Defendant Alan Reid Buffington (hereinafter "Buffington") is a resident of Winfield, Iowa.

6.      Defendant J&L is a business located at 1577 230th Street, Batavia, Iowa, conducting business in the State of Illinois.

7.      LNJ Farms is a business located at 1577 230th Street, Batavia, Iowa, conducting business in the State of Illinois, conducting business in the State of Illinois.

8.      LNJ Farms Trucking, LLC (hereinafter "LNJ") is a business located at 1577 230th

Street, Batavia, Iowa, conducting business in the State of Illinois.

  9.  J&L owned the International operated by Buffington on February 14, 2019, in Madison County, Illinois.

  10.  LNJ Farms owned the International operated by Buffington on February 14, 2019, in Madison County, Illinois.

  11.  LNJ owned the International operated by Buffington on February 14, 2019, in Madison County, Illinois.

  12.  On February 14, 2019, Andrew was lawfully operating his motor vehicle northbound on Interstate 55, Madison County, Illinois.

  13.  At the same time Andrew was operating his vehicle northbound on Interstate 55, Buffington was operating the International southbound on Interstate 55, Madison County, Illinois.

  14.  Prior to February 14, 2019, Defendant Buffington had health condition(s) that should have precluded his operation of the International.

  15.  Prior to February 14, 2019, Defendant Buffington had health condition(s) that precluded or should have precluded his operation of a commercial vehicle and the use of a commercial driver's license in the State of Illinois.

  16.  Defendant J&L had a professional business relationship with Defendant Buffington that put them on notice or should have put them on notice of Defendant Buffington's health condition(s).

  17.  Defendant J&L loaned, leased, and/or entrusted the International to Defendant Buffington when it knew or should have known Defendant Buffington would not operate the International in a safe or lawful manner.

18.     Defendant J&L loaned, leased and/or entrusted the International to Defendant Buffington when it knew or should have known Defendant Buffington was not lawfully able to operate a commercial vehicle in the State of Illinois.

19. Defendant J&L loaned, leased and/or entrusted the International to Defendant Buffington when it knew or should have known Defendant Buffington was not fit to operate a commercial vehicle in the State of Illinois.

20.     Defendant J&L loaned, leased, and/or entrusted the International to Defendant Buffington when it knew or should have known Defendant Buffington would not or could not safely operate a commercial vehicle.

21.     That Defendant J&L, as the owner of the International, had an exclusive or superior right of control of the International driven by Defendant Buffington.

22.     On February 14, 2019, Defendant J&L owed a duty to Andrew, and other motorists, to ensure its vehicle was operated by safe and competent, licensed drivers.

23.     Defendant J&L had a duty to Jones to ensure that any person that it loaned, leased, and/or entrusted its International to would operate it in a safe, lawful and/or experienced manner.

24.     Notwithstanding Defendant J&L's duty to Andrew, it negligently loaned, leased, and/or entrusted the International to Defendant Buffington, who it  knew or should have known, had medical condition(s) that would make it unsafe for Defendant Buffington to operate a commercial vehicle in the State of Illinois.

25.     Notwithstanding Defendant J&L's duty to Andrew, it negligently loaned, leased, and/or entrusted the International to Defendant Buffington, who it knew or should have known, had health condition(s) that precluded or should have precluded his operation of a

commercial vehicle and the use of a commercial driver's license in the State of Illinois.

26.    On February 14, 2019, after Defendant J&L negligently loaned, leased, and/or entrusted Defendant Buffington with the International, Defendant Buffington was incompetent or negligent in the operation or use of the vehicle.  Specifically, Defendant Buffington crossed the median on Interstate 55 in Madison County, Illinois and drove the International southbound in the northbound lane of travel, striking Andrew's vehicle.

27.    At the time and place alleged above, Defendant J&L did one or more of the following incompetent or negligent acts and thereby caused the injuries and damages in this Complaint:

> (a.)    Loaned, leased, and/or entrusted the International to someone it knew or should have known would not or could not operate the International safely;

> (b.)    Loaned, leased, and/or entrusted the International to someone it knew or should have known had a medical condition that would preclude that person from the safe and reasonable operation of the International;

> (c.)    Loaned, leased, and/or entrusted the International to someone it knew or should have known had health condition(s) that precluded or should have precluded his operation of a commercial vehicle and the use of a commercial driver's license in the State of Illinois;

> (d.)    Loaned, leased, and/or entrusted the International to someone it knew or should have known had health condition(s) that would have or could have precluded the safe operation of a commercial vehicle in the State of Illinois;

(e.)  Loaned, leased, and/or entrusted the International to someone it knew or should have known had health condition(s) that would have or could have precluded the use of a commercial driver's license in the State of Illinois.

28.  As a direct and proximate result of one or more of Defendant J&L's foregoing negligent acts, Andrew sustained severe and permanently disabling and disfiguring injuries, more specifically:

(a.)  He suffered injury to his back;

(b.)  He suffered injury to his vertebrae;

(c.)  He suffered injury to his spine;

(d.)  He suffered injury to his muscles, ligaments and tendons;

(e.)  He suffered bruising and injury to his muscles and skin;

(f.)  He was required to endure medical procedures, and therapies as a result of the accident;

(g.)  He is required to undergo further medical procedures which may include surgery;

(h.)  He suffered, and continues to suffer, great mental anguish;

(i.)  He suffered, and continues to suffer, great physical pain;

(j.)  He was, and continues to remain, unable to care for his own needs;

(k.)  He lost, and will continue to lose, large sums of money from gainful employment that he would have otherwise accrued except for his injuries;

(l.)  He has paid for, become liable for, and will continue to become liable for large sums of money for medical care;

all to the damage of Plaintiff Andrew Frey in an amount in excess of fifty thousand dollars ($50,000.00), plus costs herein expended.

WHEREFORE, Plaintiff Andrew Frey demands judgment against Defendant J&L Trucking in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs herein expended, and such other relief as justice and equity demand.

## COUNT IV
## NEGLIGENCE AGAINST LNJ FARMS

Comes now the Plaintiff ANDREW FREY by and through his attorneys, G. Michael Stewart of SIMMONS HANLY CONROY LLC, and for his Complaint against Defendant LNJ FARMS states as follows:

1.    On February 14, 2019, Defendant LNJ Farms owned the 2006 International Truck (hereinafter "International") driven by Defendant Alan Reid Buffington.

2.    The International was registered to LNJ Farms at its place of business in Batavia, Iowa.

3.    The jurisdiction of this Court is proper as the accident occurred in Madison County, Illinois, as hereinafter more fully shown.

4.    That Plaintiff Andrew Frey (hereinafter "Andrew") is a resident of Madison County, Illinois.

5.    Defendant Alan Reid Buffington (hereinafter "Buffington") is a resident of Winfield, Iowa.

6.    Defendant J&L Trucking (hereinafter "J&L") is a business located at 1577 230th Street, Batavia, Iowa, conducting business in the State of Illinois.

7.    LNJ Farms is a business located at 1577 230th Street, Batavia, Iowa, conducting

business in the State of Illinois.

8.      LNJ Farms Trucking, LLC (hereinafter "LNJ") is a business located at 1577 230th Street, Batavia, Iowa, conducting business in the State of Illinois.

9.      J&L owned the International operated by Buffington on February 14, 2019, in Madison County, Illinois.

10.     LNJ Farms owned the International operated by Buffington on February 14, 2019, in Madison County, Illinois.

11.     LNJ owned the International operated by Buffington on February 14, 2019, in Madison County, Illinois.

12.     On February 14, 2019, Andrew was lawfully operating his motor vehicle northbound on Interstate 55, Madison County, Illinois.

13.     At the same time Andrew was operating his vehicle northbound on Interstate 55, Buffington was operating the International southbound on Interstate 55, Madison County, Illinois.

14.     Prior to February 14, 2019, Defendant Buffington had health condition(s) that precluded or should have precluded his operation of the International.

15.     Prior to February 14, 2019, Defendant Buffington had health condition(s) that precluded or should have precluded his operation of a commercial vehicle and the use of a commercial driver's license in the State of Illinois.

16.     Defendant LNJ Farms had a professional business relationship with Defendant Buffington that put them on notice or should have put them on notice of Defendant Buffington's health condition(s).

17.     Defendant LNJ Farms loaned, leased, and/or entrusted the International to

Defendant Buffington when it knew or should have known Defendant Buffington would not operate the International in a safe or lawful manner.

18.    Defendant LNJ Farms loaned, leased, and/or entrusted the International to Defendant Buffington when it knew or should have known Defendant Buffington was not lawfully able to operate a commercial vehicle in the State of Illinois.

19.    Defendant LNJ Farms loaned, leased, and/or entrusted the International to Defendant Buffington when it knew or should have known Defendant Buffington was not fit to operate a commercial vehicle in the State of Illinois.

20.    Defendant LNJ Farms loaned, leased, and/or entrusted the International to Defendant Buffington when it knew or should have known Defendant Buffington would not or could not safely operate a commercial vehicle.

21.    That Defendant LNJ Farms, as the owner of the International, had an exclusive or superior right of control of the International driven by Defendant Buffington.

22.    On February 14, 2019, Defendant LNJ Farms owed a duty to Andrew, and other motorists, to ensure its vehicle was operated by safe and competent, licensed drivers.

23.    Defendant LNJ Farms had a duty to Jones to ensure that any person that it loaned, leased, and/or entrusted its International to would operate it in a safe, lawful and/or experienced manner.

24.    Notwithstanding Defendant LNJ Farms' duty to Andrew, it negligently loaned, leased, and/or entrusted the International to Defendant Buffington, who it knew or should have known had medical condition(s) that would make it unsafe for Defendant Buffington to operate a commercial vehicle in the State of Illinois.

25.    Notwithstanding Defendant LNJ Farms' duty to Andrew, it negligently loaned,

leased, and/or entrusted the International to Defendant Buffington, who it knew or should have known, had health condition(s) that precluded or should have precluded his operation of a commercial vehicle and the use of a commercial driver's license in the State of Illinois.

26. On February 14, 2019, after Defendant LNJ Farms negligently loaned, leased and/or entrusted Defendant Buffington with the International, Defendant Buffington, was incompetent or negligent in the operation or use of the vehicle. Specifically, Defendant Buffington crossed the median on Interstate 55 in Madison County, Illinois and drove the International southbound in the northbound lane of travel, striking Andrew's vehicle.

27. At the time and place alleged above, Defendant LNJ Farms did one or more of the following incompetent or negligent acts and thereby caused the injuries and damages in this Complaint:

(a.) Loaned, leased, and/or entrusted the International to someone it knew or should have known would not or could not operate the International safely;

(b.) Loaned, leased, and/or entrusted the International to someone it knew or should have known had a medical condition that would preclude that person from the safe and reasonable operation of the International;

(c.) Loaned, leased, and/or entrusted the International to someone it knew or should have known had health condition(s) that precluded or should have precluded his operation of a commercial vehicle and the use of a commercial driver's license in the State of Illinois;

(d.) Loaned, leased, and/or entrusted the International to someone it knew or should have known had health condition(s) that would have or could

have precluded the safe operation of a commercial vehicle in the State of Illinois;

(e.)   Loaned, leased, and/or entrusted the International to someone it knew or should have known had health condition(s) that would have or could have precluded the use of a commercial driver's license in the State of Illinois.

28.   As a direct and proximate result of one or more of Defendant LNJ Farms' foregoing negligent acts, Andrew was caused to sustain severe and permanently disabling and disfiguring injuries, more specifically:

(a.)   He suffered injury to his back;

(b.)   He suffered injury to his vertebrae;

(c.)   He suffered injury to his spine;

(d.)   He suffered injury to his muscles, ligaments and tendons;

(e.)   He suffered bruising and injury to his muscles and skin;

(f.)   He was required to endure medical procedures, and therapies as a result of the accident;

(g.)   He is required to undergo further medical procedures which may include surgery;

(h.)   He suffered, and continues to suffer, great mental anguish;

(i.)   He suffered, and continues to suffer, great physical pain;

(j.)   He was, and continues to remain, unable to care for his own needs;

(k.)   He lost, and will continue to lose, large sums of money from gainful employment that he would have otherwise accrued except for his injuries;

(l.)     He has paid for, become liable for, and will continue to become liable for

large sums of money for medical care;

all to the damage of Plaintiff Andrew Frey in an amount in excess of fifty thousand dollars

($50,000.00), plus costs herein expended.

WHEREFORE, Plaintiff Andrew Frey demands judgment against Defendant LNJ Farms

in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs herein expended, and

such other relief as justice and equity demand.

## COUNT IV
## NEGLIGENCE AGAINST LNJ FARMS TRUCKING, LLC

Comes now the Plaintiff ANDREW FREY by and through his attorneys, G. Michael

Stewart of SIMMONS HANLY CONROY LLC, and for his Complaint against Defendant LNJ

FARMS TRUCKING, LLC states as follows:

1.     On February 14, 2019, Defendant LNJ Farms Trucking, LLC (hereinafter "LNJ")

owned the 2006 International Truck (hereinafter "International") driven by Defendant Alan Reid

Buffington.

2.     The International was registered to LNJ at its place of business in Batavia,

Iowa.

3.     The jurisdiction of this Court is proper as the accident occurred in Madison

County, Illinois, as hereinafter more fully shown.

4.     That Plaintiff Andrew Frey (hereinafter "Andrew") is a resident of Madison

County, Illinois.

5.     Defendant Alan Reid Buffington (hereinafter "Buffington") is a resident of

Winfield, Iowa.

6.      Defendant J&L Trucking (hereinafter "J&L") is a business located at 1577 230th Street, Batavia, Iowa, conducting business in the State of Illinois.

7.      LNJ Farms is a business located at 1577 230th Street, Batavia, Iowa, conducting business in the State of Illinois.

8.      LNJ Farms Trucking, LLC is a business located at 1577 230th Street, Batavia, Iowa, conducting business in the State of Illinois.

9.      J&L owned the International operated by Buffington on February 14, 2019, in Madison County, Illinois.

10.     LNJ Farms owned the International operated by Buffington on February 14, 2019, in Madison County, Illinois.

11.     LNJ owned the International operated by Buffington on February 14, 2019, in Madison County, Illinois.

12.     On February 14, 2019, Andrew was lawfully operating his motor vehicle northbound on Interstate 55, Madison County, Illinois.

13.     At the same time Andrew was operating his vehicle northbound on Interstate 55, Buffington was operating the International southbound on Interstate 55, Madison County, Illinois.

14.     Prior to February 14, 2019, Defendant Buffington had health condition(s) that should have precluded his operation of the International.

15.     Prior to February 14, 2019, Defendant Buffington had health condition(s) that precluded, or should have precluded, his operation of a commercial vehicle and the use of a commercial driver's license in the State of Illinois.

16.     Defendant LNJ had a professional business relationship with Defendant

Buffington that put them on notice or should have put them on notice of Defendant Buffington's health condition(s).

17.     Defendant LNJ loaned, leased, and/or entrusted the International to Defendant Buffington when it knew or should have known Defendant Buffington would not operate the International in a safe or lawful manner.

18.     Defendant LNJ loaned, leased, and/or entrusted the International to Defendant Buffington when it knew or should have known Defendant Buffington was not lawfully able to operate a commercial vehicle in the State of Illinois.

19.     Defendant LNJ loaned, leased, and/or entrusted the International to Defendant Buffington when it knew or should have known Defendant Buffington was not fit to operate a commercial vehicle in the State of Illinois.

20.     Defendant LNJ loaned, leased, and/or entrusted the International to Defendant Buffington when it knew or should have known Defendant Buffington would not or could not safely operate a commercial vehicle.

21.     That Defendant LNJ, as the owner of the International, had an exclusive or superior right of control of the International driven by Defendant Buffington.

22.     On February 14, 2019, Defendant LNJ owed a duty to Andrew, and other motorists, to ensure its vehicle was operated by safe and competent, licensed drivers.

23.     Defendant LNJ had a duty to Jones to ensure that any person that it loaned, leased, and/or entrusted its International to would operate it in a safe, lawful and/or experienced manner.

24.     Notwithstanding Defendant LNJ's duty to Andrew, it negligently loaned, leased, and/or entrusted the International to Defendant Buffington, who it  knew or should

have known, had medical condition(s) that would make it unsafe for Defendant Buffington to operate a commercial vehicle in the State of Illinois.

25.     Notwithstanding Defendant LNJ's duty to Andrew, it negligently loaned, leased and/or entrusted the International to Defendant Buffington, who it knew or should have known had health condition(s) that precluded or should have precluded his operation of a commercial vehicle and the use of a commercial driver's license in the State of Illinois.

26.     On February 14, 2019, after Defendant LNJ negligently loaned, leased, and/or entrusted Defendant Buffington with the International, Defendant Buffington, was incompetent or negligent in the operation or use of the vehicle.  Specifically, Defendant Buffington crossed the median on Interstate 55 in Madison County, Illinois and drove the International southbound in the northbound lane of travel, striking Andrew's vehicle.

27.     At the time and place alleged above, Defendant LNJ did one or more of the following incompetent or negligent acts and thereby caused the injuries and damages in this Complaint:

> (a.)   Loaned, leased, and/or entrusted the International to someone it knew or should have known would not or could not operate the International safely;
>
> (b.)   Loaned, leased, and/or entrusted the International to someone it knew or should have known had a medical condition that would preclude that person from the safe and reasonable operation of the International;
>
> (c.)   Loaned, leased, and/or entrusted the International to someone it knew or should have known had health condition(s) that precluded or should have precluded his operation of a commercial vehicle and the use of a

commercial driver's license in the State of Illinois;

(d.)   Loaned, leased, and/or entrusted the International to someone it knew or should have known had health condition(s) that would have or could have precluded the safe operation of a commercial vehicle in the State of Illinois;

(e.)   Loaned, leased, and/or entrusted the International to someone it knew or should have known had health condition(s) that would have or could have precluded the use of a commercial driver's license in the State of Illinois.

28.   As a direct and proximate result of one or more of Defendant LNJ's foregoing negligent acts, Andrew was caused to sustain severe and permanently disabling and disfiguring injuries, more specifically:

(a.)   He suffered injury to his back;

(b.)   He suffered injury to his vertebrae;

(c.)   He suffered injury to his spine;

(d.)   He suffered injury to his muscles, ligaments and tendons;

(e.)   He suffered bruising and injury to his muscles and skin;

(f.)   He was required to endure medical procedures, and therapies as a result of the accident;

(g.)   He is required to undergo further medical procedures which may include surgery;

(h.)   He suffered, and continues to suffer, great mental anguish;

(i.)   He suffered, and continues to suffer, great physical pain;

(j.)     He was, and continues to remain, unable to care for his own needs;

(k.)     He lost, and will continue to lose, large sums of money from gainful

employment that he would have otherwise accrued except for his injuries;

(l.)     He has paid for, become liable for, and will continue to become liable for

large sums of money for medical care;

all to the damage of Plaintiff Andrew Frey in an amount in excess of fifty thousand dollars

($50,000.00), plus costs herein expended.

WHEREFORE, Plaintiff Andrew Frey demands judgment against Defendant LNJ Farms

Trucking, LLC in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs herein

expended, and such other relief as justice and equity demand.


Respectfully submitted,

SIMMONS HANLY CONROY LLC
Attorneys for Plaintiff


/s/ G. Michael Stewart
G. Michael Stewart, IL#6230339
One Court Street
Alton, IL 62002
618.259.2222
618.259.2251 (Fax)
mstewart@simmonsfirm.com

***EFILED***
Case Number 2020L 000411
Date: 3/24/2020 3:25 PM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

ANDREW FREY,                          )
                                      )
                    Plaintiff,        )
                                      )        2020L 000411
vs.                                   )
                                      )        No.:_____
ALAN REID BUFFINGTON,                 )
J&L TRUCKING, LNJ FARMS, and          )
LNJ FARMS TRUCKING, LLC,              )
                                      )
                    Defendants.       )

## AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222

The undersigned does hereby aver pursuant to Supreme Court Rule 222(b), based upon

information and belief, that the total damages sought in the instant cause of action has a value of

more than Fifty Thousand Dollars ($50,000.00), exclusive of interest and attorney fees.

Further, affiant sayeth not.

Respectfully Submitted,

SIMMONS HANLY CONROY

Attorneys for Plaintiff

/s/ G. Michael Stewart
G. Michael Stewart, IL#6230339
One Court Street
Alton, IL 62002
618.259.2222
618.259.2251 (Fax)
mstewart@simmonsfirm.com

Page 1 of 1