IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW FREY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 3:20-CV-00434-MAB |
| | ) |
| ALAN REID BUFFINGTON, LNJ FARMS TRUCKING, LLC, J&L TRUCKING, and LNJ FARMS. | ) ) ) ) |
| | ) |
|     Defendants. | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case.").

Defendants, Alan Reid Buffington and LNJ Farms Trucking, LLC, removed this case to the United State District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1446. In its Notice of Removal (Doc. 2), Defendants Buffington and LNJ Farms Trucking, LLC allege that diversity jurisdiction exists between the parties; however, the citizenship allegations for Defendants Buffington and LNJ Farms Trucking, LLC are insufficient.

Although Defendants properly allege that Plaintiff is a citizen of the State of Illinois, they allege that Defendant Buffington is a resident of the State of Iowa. "Residence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). The citizenship of a natural person for diversity purposes is determined by the person's domicile, which means the state where the person is physically present with an intent to remain there indefinitely. *See Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 n.4 (7th Cir. 1994), *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 833 (S.D. Ill. 2006).

To properly allege citizenship of a limited liability company (LLC), the party seeking to invoke the Court's federal subject matter jurisdiction must allege the citizenship of each of the LLC's members. *See, e.g., Copeland v. Penske Logistics, LLC*, 675 F.3d 1040, 1043 (7th Cir. 2012). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

Here, the Notice of Removal alleges that "Defendant LNJ Farms Trucking, LLC is now and was at the commencement of this action a corporation organized and existing under the laws of the State of Iowa with its principal place of business." This description is insufficient for the Court to determine whether diversity jurisdiction exists. Defendants must identify each member's name of the Defendant LNJ Farms Trucking, LLC, and

*specifically plead* the citizenship of each member. *See Thomas*, 487 F.3d at 534; *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 321 (7th Cir. 2002).

The Court is not pointing out Defendants' errors "merely for the sake of hyper technical jurisdictional purity." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837 (1989). It is because the Seventh Circuit has repeatedly warned district courts to ensure that subject matter jurisdiction is properly pleaded. *See, e.g., Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger,* 361 F.3d 991, 992 (7th Cir. 2004) (lamenting that litigants and judges all too often "disregard their first duty in every suit: to determine the existence of subject matter jurisdiction"); *Belleville Catering Co. v. Champaign Market Place, L.L.C.,* 350 F.3d 691, 692 (7th Cir. 2003) ("Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money."); *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.") As the party seeking to invoke federal jurisdiction, Defendants "bear[] the burden of demonstrating that the requirements for diversity are met." *Smart v. Local 702 Intern. Broth. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). Defendants' jurisdictional allegations, standing alone, must establish that diversity jurisdiction exists. The Court will not read between the lines or make assumptions regarding the citizenship of any party.

Consequently, Defendants are **ORDERED** to file a second amended Notice of Removal, **on or before June 19, 2020**, which clearly sets forth all of the information needed to determine whether jurisdiction lies in this Court. Specifically, Defendants should include all of the relevant information (e.g., each member's name and citizenship of that member) for each LLC member until all layers have been exhausted. And, if one of the members of Defendant LNJ Farms Trucking, LLC is also an LLC, Defendants will have to identify those LLC members' names and citizenships as well. If Defendants fail to file an Amended Notice of Removal in the manner and time prescribed or if, after reviewing it, the Court finds that Defendants cannot establish subject matter jurisdiction, the Court may dismiss this action for lack of jurisdiction.

**IT IS SO ORDERED.**

**DATED: May 29, 2020**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**