IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW FREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.:3:20-cv-434 |
| ) | |
| ALAN REID BUFFINGTON and ) | |
| LNJ FARMS TRUCKING, LLC, ) | |
| ) | |
| Defendants. ) | |

**AMENDED COMPLAINT**

**COUNT I**
**NEGLIGENCE AGAINST ALAN REID BUFFINGTON**

Comes now the Plaintiff ANDREW FREY, by and through his attorneys, G. Michael Stewart of SIMMONS HANLY CONROY LLC, and for his Amended Complaint against Defendant ALAN REID BUFFINGTON states as follows:

1. Plaintiff Andrew Frey (hereinafter "Andrew') is a resident of Godfrey, Madison County, Illinois.

2. Defendant Alan Reid Buffington (hereinafter "Buffington") is a resident of Winfield, Iowa.

3. LNJ Farms Trucking, LLC (hereinafter "LNJ") is a business located at 1577 230th Street, Batavia, Iowa.

4. LNJ owned the 2006 International Truck operated by Buffington on February 14, 2019, in Madison County, Illinois.

5. Venue is proper in the Southern District of Illinois because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

28 U.S.C. § 1391(b)(2).

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy is greater than $75,000.

7. On February 14, 2019, Andrew was lawfully operating his motor vehicle northbound on Interstate 55, Madison County, Illinois.

8. At the same time Andrew was operating his vehicle northbound on Interstate 55, Buffington was operating the 2006 International Truck southbound on Interstate 55, Madison County, Illinois.

9. Defendant Buffington caused the 2006 International Truck to cross the median between the northbound and southbound lanes of Interstate 55, Madison County, Illinois and into the vehicle driven by Andrew.

10. On February 14, 2019, Buffington owed a duty to Andrew and other persons lawfully present on the roads on Madison County, Illinois to safely and reasonably operate the motor vehicle he was driving.

11. Notwithstanding Buffington's duty to Andrew, Buffington negligently operated the 2006 International Truck in that he struck the vehicle Andrew was operating.

12. Buffington did one or more of the following negligent acts and thereby caused the injuries and damages in this Amended Complaint:

    (a.) Buffington failed to maintain safe and reasonable control of the vehicle he was driving;

    (b.) Buffington failed to keep the vehicle he was operating in its appropriate lane;

    (c.)    Buffington failed to keep the vehicle he was operating in the southbound lane, but rather crossed into the northbound lane striking Andrew's vehicle;

    (d.)    Buffington failed to yield to the vehicle which Andrew was operating;

    (e.)    Buffington failed to keep his vehicle under control;

    (f.)    Buffington failed to safely operate his vehicle;

    (g.)    Buffington operated a vehicle at an excessive and unreasonable speed;

    (h.)    Buffington failed to avoid an accident;

    (i.)    Buffington failed to reduce speed to avoid an accident;

    (j.)    Buffington failed to take action to avoid an accident;

    (k.)    Buffington failed to keep control of his vehicle;

    (l.)    Buffington operated his vehicle in the wrong lane of travel.

13.    As a direct and proximate result of one or more of Buffington's foregoing negligent acts, Andrew was caused to sustain severe and permanently disabling and disfiguring injuries, more specifically:

    (a.)    He suffered injury to his back;

    (b.)    He suffered injury to his vertebrae;

    (c.)    He suffered injury to his spine;

    (d.)    He suffered injury to his muscles, ligaments and tendons;

    (e.)    He suffered bruising and injury to his muscles and skin;

    (f.)    He was required to endure medical procedures, and therapies as a result of the accident;

  (g.) He is required to undergo further medical procedures, which may include surgery;

  (h.) He suffered, and continues to suffer, great mental anguish;

  (i.) He suffered, and continues to suffer, great physical pain;

  (j.) He was, and continues to remain, unable to care for his own needs;

  (k.) He lost, and will continue to lose, large sums of money from gainful employment that he would have otherwise accrued except for his injuries;

  (l.) He has paid for, become liable for, and will continue to become liable for large sums of money for medical care;

all to the damage of Plaintiff Andrew Frey.

 14. Plaintiff Andrew Frey as a result of the incident seeks compensation for the following damages:

  a. The amount of reasonable medical expenses necessarily incurred in the past, and those that will reasonably be incurred in the future;

  b. Past and future physical pain and suffering of Plaintiff;

  c. Past and future physical disfigurement suffered by Plaintiff;

  d. Past and future physical impairment suffered by Plaintiff;

  e. Past and future mental anguish of Plaintiff;

  f. Exemplary damages and Punitive damages;

  g. Cost of suit; and,

  h. Any and all other damages in which Plaintiff may be justly entitled.

 WHEREFORE, Plaintiff Andrew Frey demands judgment against Defendant Alan Reid Buffington and requests that the Court award money damages as listed above, in such amounts

that the jury may deem appropriate and are allowable by law, along with any and all other relief the Court may deem appropriate.

## COUNT II
## WILLFUL AND WANTON MISCONDUCT AGAINST
## ALAN REID BUFFINGTON

Comes now the Plaintiff ANDREW FREY, by and through his attorneys, G. Michael Stewart of SIMMONS HANLY CONROY LLC, and for his Amended Complaint against Defendant Alan Reid Buffington states as follows:

1. Plaintiff Andrew Frey (hereinafter "Andrew') is a resident of Godfrey, Madison County, Illinois.

2. Defendant Alan Reid Buffington (hereinafter "Buffington") is a resident of Winfield, Iowa.

3. LNJ Farms Trucking, LLC (hereinafter "LNJ") is a business located at 1577 230th Street, Batavia, Iowa.

4. LNJ owned the 2006 International Truck operated by Buffington on February 14, 2019, in Madison County, Illinois.

5. Venue is proper in the Southern District of Illinois because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2).

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy is greater than $75,000.

7. On February 14, 2019, Andrew was lawfully operating his motor vehicle

northbound on Interstate 55, Madison County, Illinois.

8. At the same time Andrew was operating his vehicle northbound on Interstate 55, Buffington was operating the 2006 International Truck southbound on Interstate 55, Madison County, Illinois.

9. Defendant Buffington caused the 2006 International Truck to cross the median between the northbound and southbound lanes of Interstate 55, Madison County, Illinois and into the vehicle driven by Andrew.

10. On February 14, 2019, Buffington owed a duty to Andrew and other persons lawfully present on the roads on Madison County, Illinois to safely and reasonably operate the motor vehicle he was driving.

11. Notwithstanding Buffington's duty to Andrew, Buffington drove his vehicle in a willful and wanton manner in that he drove the 2006 International Truck into the opposite lane of travel and struck the vehicle Andrew was operating.

12. Buffington did one or more of the following did one or more of the following willful and wanton acts and thereby caused the injuries and damages in this Amended Complaint:

    (a.) Buffington crossed the median separating the northbound and southbound traffic and into the path of the vehicle lawfully operated by Andrew;

    (b.) Buffington failed to maintain safe and reasonable control of the vehicle he was driving;

    (c.) Buffington failed to keep the vehicle he was operating in its appropriate lane; and/or

      (d.)      Buffington operated the International in such a manner as to cause it o travel across a median, through a fence and into the oncoming traffic and strike Andrew's vehicle.

13.    As a direct and proximate result of one or more of Hartman's foregoing willful and wanton acts, Andrew sustained severe and permanently disabling and disfiguring injuries, more specifically:

      (a.)      He suffered injury to his back;

      (b.)      He suffered injury to his vertebrae;

      (c.)      He suffered injury to his spine;

      (d.)      He suffered injury to his muscles, ligaments and tendons;

      (e.)      He suffered bruising and injury to his muscles and skin;

      (f.)      He was required to endure medical procedures, and therapies as a result of the accident;

      (g.)      He is required to undergo further medical procedures which may include surgery;

      (h.)      He suffered, and continues to suffer, great mental anguish;

      (i.)      He suffered, and continues to suffer, great physical pain;

      (j.)      He was, and continues to remain, unable to care for his own needs;

      (k.)      He lost, and will continue to lose, large sums of money from gainful employment that he would have otherwise accrued except for his injuries;

      (l.)      He has paid for, become liable for, and will continue to become liable for large sums of money for medical care;

all to the damage of Plaintiff Andrew Frey.

14, Plaintiff Andrew Frey as a result of the incident seeks compensation for the following damages:

    a. The amount of reasonable medical expenses necessarily incurred in the past, and those that will reasonably be incurred in the future;

    b. Past and future physical pain and suffering of Plaintiff;

    c. Past and future physical disfigurement suffered by Plaintiff;

    d. Past and future physical impairment suffered by Plaintiff;

    e. Past and future mental anguish of Plaintiff;

    f. Exemplary damages and Punitive damages;

    g. Cost of suit; and,

    h. Any and all other damages in which Plaintiff may be justly entitled.

WHEREFORE, Plaintiff Andrew Frey demands judgment against Defendant Alan Reid Buffington and requests that the Court award money damages as listed above, in such amounts that the jury may deem appropriate and are allowable by law, along with any and all other relief the Court may deem appropriate.

## COUNT III
## NEGLIGENCE AGAINST LNJ FARMS TRUCKING, LLC

Comes now the Plaintiff ANDREW FREY, by and through his attorneys, G. Michael Stewart of SIMMONS HANLY CONROY LLC, and for his Amended Complaint against Defendant LNJ FARMS TRUCKING, LLC states as follows:

1. On February 14, 2019, Defendant LNJ Farms Trucking, LLC (hereinafter "LNJ") owned the 2006 International Truck (hereinafter "International") driven by Defendant Alan Reid Buffington.

2. The International was registered to LNJ at its place of business in Batavia, Iowa.

3. Venue is proper in the Southern District of Illinois because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2).

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy is greater than $75,000.

5. That Plaintiff Andrew Frey (hereinafter "Andrew") is a resident of Madison County, Illinois.

6. Defendant Alan Reid Buffington (hereinafter "Buffington") is a resident of Winfield, Iowa.

7. LNJ is a business located at 1577 230th Street, Batavia, Iowa, conducting business in the State of Illinois.

8. Upon information and belief, LNJ business is freight shipping and trucking company.

9. Upon information and belief LNJ is not in the business of leasing or renting semi tractors or trailers to third parties.

10. On February 14, 2019, Buffington was an employee, and/or servant of LNJ.

11. On February 14, 2019, LNJ, as Buffington's employer and the owner of the International controlled or had the right to control the Buffington's conduct.

12. On February 14, 2019, Andrew was lawfully operating his motor vehicle northbound on Interstate 55, Madison County, Illinois.

13. At the same time Andrew was operating his vehicle northbound on Interstate 55, Buffington was operating the International southbound on Interstate 55, Madison County, Illinois.

14. Prior to February 14, 2019, Defendant Buffington had health condition(s) that should have precluded his operation of the International.

15. Prior to February 14, 2019, Defendant Buffington knew of a health condition(s) that precluded, or should have precluded, his operation of a commercial vehicle and the use of a commercial driver's license in the State of Illinois.

16. Defendant LNJ had an employer/employee relationship with Defendant Buffington that put them on notice or should have put them on notice of Defendant Buffington's health condition(s).

17. Defendant LNJ entrusted the International to Defendant Buffington when it knew or should have known Defendant Buffington would operate the International in an unsafe or unlawful manner.

18. Defendant LNJ entrusted the International to Defendant Buffington when it knew or should have known Defendant Buffington's health condition could and/or would cause him to lose consciousness or otherwise render him unable to operate the International safely.

19. Defendant LNJ entrusted the International to Defendant Buffington when it knew or should have known Defendant Buffington was unfit to operate a commercial vehicle.

20. Defendant LNJ entrusted the International to Defendant Buffington when it knew or should have known Defendant Buffington would not or could not safely operate a commercial vehicle.

21. That Defendant LNJ, as the owner of the International, had an exclusive or superior right of control of the International driven by Defendant Buffington.

22. On February 14, 2019, Defendant LNJ owed a duty to Andrew, and other motorists, to ensure its vehicle was operated by safe and competent, licensed drivers.

23. Defendant LNJ had a duty to Andrew to ensure that any person that it entrusted its International to would operate it in a safe, lawful and/or experienced manner.

24. Notwithstanding Defendant LNJ's duty to Andrew, it entrusted the International to Defendant Buffington, who it knew or should have known, had medical condition(s) that would make it unsafe for Defendant Buffington to operate a commercial vehicle in the State of Illinois.

25. Notwithstanding Defendant LNJ's duty to Andrew, it negligently entrusted the International to Defendant Buffington, who it knew or should have known had health condition(s) that precluded or should have precluded his operation of a commercial vehicle and the use of a commercial driver's license in the State of Illinois.

26. On February 14, 2019, after Defendant LNJ negligently entrusted Defendant Buffington with the International, Defendant Buffington, was incompetent or negligent in the operation or use of the vehicle. Specifically, Defendant Buffington crossed the median on Interstate 55 in Madison County, Illinois and drove the International southbound in the northbound lane of travel, striking Andrew's vehicle.

27. At the time and place alleged above, Defendant LNJ did one or more of the

following incompetent or negligent acts and thereby caused the injuries and damages in this Amended Complaint:

 (a.) Entrusted the International to someone it knew or should have known would not or could not operate the International safely;

 (b.) Entrusted the International to someone it knew or should have known had a medical condition that would preclude that person from the safe and reasonable operation of the International;

 (c.) Entrusted the International to someone it knew or should have known had health condition(s) that precluded or should have precluded his operation of a commercial vehicle and the use of a commercial driver's license in the State of Illinois;

 (d.) Entrusted the International to someone it knew or should have known had health condition(s) that would have or could have precluded the safe operation of a commercial vehicle in the State of Illinois;

 (e.) Entrusted the International to someone it knew or should have known had health condition(s) that would have or could have precluded the use of a commercial driver's license in the State of Illinois.

28. As a direct and proximate result of one or more of Defendant LNJ's foregoing negligent acts, Andrew was caused to sustain severe and permanently disabling and disfiguring injuries, more specifically:

 (a.) He suffered injury to his back;

 (b.) He suffered injury to his vertebrae;

 (c.) He suffered injury to his spine;

    (d.)    He suffered injury to his muscles, ligaments and tendons;

    (e.)    He suffered bruising and injury to his muscles and skin;

    (f.)    He was required to endure medical procedures, and therapies as a result of the accident;

    (g.)    He is required to undergo further medical procedures which may include surgery;

    (h.)    He suffered, and continues to suffer, great mental anguish;

    (i.)    He suffered, and continues to suffer, great physical pain;

    (j.)    He was, and continues to remain, unable to care for his own needs;

    (k.)    He lost, and will continue to lose, large sums of money from gainful employment that he would have otherwise accrued except for his injuries;

    (l.)    He has paid for, become liable for, and will continue to become liable for large sums of money for medical care;

all to the damage of Plaintiff Andrew Frey.

29.    Plaintiff Lancaster as a result of the incident seeks compensation for the following damages:

    a.    The amount of reasonable medical expenses necessarily incurred in the past, and those that will reasonably be incurred in the future;

    b.    Past and future physical pain and suffering of Plaintiff;

    c.    Past and future physical disfigurement suffered by Plaintiff;

    d.    Past and future physical impairment suffered by Plaintiff;

    e.    Past and future mental anguish of Plaintiff;

    f.    Exemplary damages and Punitive damages;

  g. Cost of suit; and,

  h. Any and all other damages in which Plaintiff may be justly entitled.

WHEREFORE, Plaintiff Andrew Frey demands judgment against Defendant LNJ Farms Trucking, LLC and requests that the Court award money damages as listed above, in such amounts that the jury may deem appropriate and are allowable by law, along with any and all other relief the Court may deem appropriate.

.

## COUNT IV
## RESPONDEAT SUPERIOR AGAINST LNJ FARMS TRUCKING, LLC

  Comes now the Plaintiff ANDREW FREY, by and through his attorneys, G. Michael Stewart of SIMMONS HANLY CONROY LLC, and for his Amended Complaint against Defendant LNJ FARMS TRUCKING, LLC states as follows:

  1. On February 14, 2019, Defendant LNJ Farms Trucking, LLC (hereinafter "LNJ") owned the 2006 International Truck (hereinafter "International") driven by Defendant Alan Reid Buffington.

  2. The International was registered to LNJ at its place of business in Batavia, Iowa.

  3. Venue is proper in the Southern District of Illinois because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2).

  4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy is greater than $75,000.

  5. That Plaintiff Andrew Frey (hereinafter "Andrew") is a resident of Madison

County, Illinois.

6. Defendant Alan Reid Buffington (hereinafter "Buffington") is a resident of Winfield, Iowa.

7. LNJ is a business located at 1577 230th Street, Batavia, Iowa, conducting business in the State of Illinois.

8. Upon information and belief, LNJ business is freight shipping and trucking company.

9. On February 14, 2019, Buffington was an employee, and/or servant of LNJ.

10. LNJ owned the International operated by Buffington on February 14, 2019, in Madison County, Illinois, and was responsible for said truck's maintenance, inspection, control and safe operation.

11. That on February 14, 2019, Buffington was operating the International owned by LNJ in the scope of his employment and in the furtherance of the business of LNJ.

12. That at all relevant times LNJ, through its agents, employees or contractor owed Andrew, and other motorists, the duty to exercise ordinary and reasonable care in the operation of their vehicles.

13. That on February 1, 2109, LNJ breached the duty owed to Andrew by committing one or more of the following acts or omissions:

    (a.) Failed to maintain safe and reasonable control of their vehicle;

    (b.) Failed to yield the right of way to Andrew's vehicle;

    (c.) Operated a vehicle at an excessive and unreasonable speed;

    (d.) Failed to keep its truck in the appropriate lane of travel;

    (e.) Failed to avoid Andrew's vehicle;

  (f.)  Failed to keep a proper and sufficient look-out;

  (g.)  Failed to take evasive action so as to avoid Andrew's vehicle;

  (h.)  Failed to reduce speed to avoid an accident;

  (i.)  Failed to keep the vehicle he was operating in the southbound lane, but rather crossed into the northbound lane striking Andrew's vehicle; and/or

  (j.)  Failed to keep its vehicle under control.

  14.  That as a direct and proximate result of the negligent acts or omissions of LNJ, through its agents, employees or contractor while operating the International, said truck struck the vehicle driven by Plaintiff Andrew Frey at the aforementioned location.

  15.  As a direct and proximate result of one or more of negligent acts or omissions of LNJ's employees, agents or contractors, Plaintiff Andrew Frey was caused to sustain severe and permanently disabling and disfiguring injuries, more specifically:

  (a.)  He suffered injury to his back;

  (b.)  He suffered injury to his vertebrae;

  (c.)  He suffered injury to his spine;

  (d.)  He suffered injury to his muscles, ligaments and tendons;

  (e.)  He suffered bruising and injury to his muscles and skin;

  (f.)  He was required to endure medical procedures, and therapies as a result of the accident;

  (g.)  He is required to undergo further medical procedures, which may include surgery;

  (h.)  He suffered, and continues to suffer, great mental anguish;

  (i.)  He suffered, and continues to suffer, great physical pain;

    (j.)    He was, and continues to remain, unable to care for his own needs;

    (k.)    He lost, and will continue to lose, large sums of money from gainful employment that he would have otherwise accrued except for his injuries;

    (l.)    He has paid for, become liable for, and will continue to become liable for large sums of money for medical care;

all to the damage of Plaintiff Andrew Frey.

16. Plaintiff Andrew Frey as a result of the incident seeks compensation for the following damages:

    a.    The amount of reasonable medical expenses necessarily incurred in the past, and those that will reasonably be incurred in the future;

    b.    Past and future physical pain and suffering of Plaintiff;

    c.    Past and future physical disfigurement suffered by Plaintiff;

    d.    Past and future physical impairment suffered by Plaintiff;

    e.    Past and future mental anguish of Plaintiff;

    f.    Exemplary damages and Punitive damages;

    g.    Cost of suit; and,

    h.    Any and all other damages in which Plaintiff may be justly entitled.

WHEREFORE, Plaintiff Andrew Frey demands judgment against Defendant LNJ Farms Trucking, LLC and requests that the Court award money damages as listed above, in such amounts that the jury may deem appropriate and are allowable by law, along with any and all other relief the Court may deem appropriate.

Respectfully submitted,

SIMMONS HANLY CONROY LLC
Attorneys for Plaintiff


/s/ G. Michael Stewart
G. Michael Stewart, IL#6230339
One Court Street
Alton, IL 62002
618.259.2222
618.259.2251 (Fax)
mstewart@simmonsfirm.com


**CERTIFICATE OF SERVICE**

    The undersigned certifies that on the 18th day of June, 2020, a true and accurate copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, and served on all counsel of record. A copy of same will also be served upon the attorneys of record, via email, to the following:

bradley@defrancolaw.com
vancourt@defrancolaw.com
martin@defrancolaw.com


                /s/ G. Michael Stewart